UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTINE A. GUERRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| SUNDAY THURMAN, Jr., and | ) |
| NATIONWIDE TRUCK BROKERS, Inc., d/b/a | ) |
| N.T.B., Inc., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CHRISTINE A. GUERRA, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and complaining of the Defendants, SUNDAY THURMAN, Jr., and NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc., alleges as follows:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to 28 U.S.C. §1332 due to the complete diversity of the parties and the amount in controversy exceeding seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2. The Plaintiff is an individual with Illinois domicile and the Defendants are an individual with Michigan domicile and a corporation incorporated under the laws of the State of Michigan, with its principal place of business in the State of Michigan. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

### VENUE

3. This matter arises from a motor vehicle collision which took place at the intersections of Illinois Route 41 and Illinois Route 60 in the City of Lake Forest, County of

1

Lake, State of Illinois, as such, venue in the Northern District of Illinois, Eastern Division is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. On or about September 29, 2014, Plaintiff, CHRISTINE A. GUERRA, resided and domiciled in the Village of Wilmette, County of Cook, State of Illinois.

5. Upon information and belief, on or about September 29, 2014, and at all times relevant hereto, Defendant, SUNDAY THURMAN, Jr., resided and domiciled in the Village of Dimondale, County of Eaton, State of Michigan.

6. On September 29, 2014, and at all relevant times hereto, Defendant, NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc., was a Michigan Domestic For-Profit Corporation incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan.

## GENERAL ALLEGATIONS

7. On or about September 29, 2014, SUNDAY THURMAN, Jr., was an agent, servant and/or employee of Defendant NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc., in that he was acting on their behalf and for their benefit.

8. That at the time and place as aforesaid, Defendant, SUNDAY THURMAN, Jr., was acting within the scope of his employment for Defendant, NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc.

9. On or about September 29, 2014, Defendant, SUNDAY THURMAN, Jr., was the operator of a certain 2007 Fleet tractor-trailer combination owned by Defendant, NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc.

10. On September 29, 2014, and for a long time prior thereto, Illinois Route 41 was a public highway running in a northerly southerly direction at or near its intersection with Illinois Route 60 in the City of Lake Forest, County of Lake, State of Illinois.

11. On September 29, 2014, and for a long time prior thereto, Illinois Route 60 was a public highway running in an easterly westerly direction at or near its intersection with Illinois Route 41 in the City of Lake Forest, County of Lake, State of Illinois.

12. On September 29, 2014 and at all times relevant hereto, the intersection of Illinois Route 60 and Illinois Route 41 was controlled by traffic control devices.

13. On September 29, 2014, Defendant, SUNDAY THURMAN, Jr., was traveling northbound on Illinois Route 60 approaching it's intersection with Illinois Route 41 when the traffic control device at said intersection turned red at which time Defendant brought the tractor-trailer combination he was operating to a stop past the traffic control marking designated for his lane of traffic to stop at the intersection.

14. On September 29, 2014, Plaintiff, CHRISTINE A. GUERRA, was the owner and operator of a certain 2014 Nissan Armada motor vehicle and was lawfully stopped facing northbound on Illinois Route 60 at or near it's intersection with Illinois Route 41.

15. That on September 29, 2014, and at all relevant times herein referred to, Plaintiff, CHRISTINE A. GUERRA, exercised due degree of care and caution for her safety and the safety of others.

16. That on September 29, 2014, and at all relevant times thereto, at the time and place as aforesaid, it was the duty of Defendant, SUNDAY THURMAN, Jr., individually, and as agent, servant and/or employee of Defendants, NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc., to exercise ordinary care in the operation of the 2007 Fleet commercial tractor-

trailer combination being operated by him in a safe and reasonable manner for the safety and protection of all other motorists on or near the road, including Plaintiff, CHRISTINE A. GUERRA.

17. That on September 29, 2014, and at all relevant times thereto, it was the duty of Defendant, NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc., by and through their authorized agent, Defendant, SUNDAY THURMAN, Jr., to use ordinary care and caution in the operation, maintenance and/or use of said commercial tractor-trailer combination so as not to cause injury to persons lawfully traveling on or near the roadway, including, Plaintiff, CHRISTINE A. GUERRA.

18. That on September 29, 2014, at the time and place as aforesaid, Defendant, SUNDAY THURMAN, Jr., caused the 2007 Fleet tractor-trailer combination being operated by him to drive in reverse and strike the front of Plaintiff, CHRISTINE A. GUERRA's, motor vehicle while she was lawfully stopped and obeying the red light at the intersection as aforesaid.

## COUNT I – NEGLIGENCE
*Against SUNDAY THURMAN, Jr., Individually*

NOW COMES, Plaintiff, CHRISTINE A. GUERRA, by and through her attorneys, O'CONNOR LAW FIRM, LTD., and complaining of Defendant, SUNDAY THURMAN, Jr., Individually, alleges as follows:

Plaintiff, CHRSTINE A. GUERRA, hereby repeats and re-alleges the factual allegations contained in Paragraphs 1 through 15 of her Complaint at Law as Paragraphs 1 through 15 of this Count I as though fully set forth herein.

19. That on September 29, 2014, at the time and place as aforesaid, Defendant, SUNDAY THURMAN, Jr., then and there violated his duty of care owed to Plaintiff,

CHRISTINE A. GUERRA, through one or more of the following negligent acts and/or omissions:

    a. carelessly and/or negligently operated his motor vehicle without keeping a proper and sufficient lookout for other motorists on the roadway;

    b. Carelessly and/or negligently failed to stop or steer his vehicle to avoid striking Plaintiff, CHRISTINE A. GUERRA, although Defendant saw, or should have seen Plaintiff, and had ample time and opportunity to avoid striking her;

    c. Failed to decrease speed so as to avoid colliding with motorists lawfully traveling on the roadway, including Plaintiff, in violation of 625 ILCS 5/11-601;

    d. Carelessly and/or negligently failed to sound his horn or other warning device when it was reasonably necessary to ensure safe operation of his vehicle in violation of 625 ILCS 5/12-601;

    e. Carelessly and/or negligently reversed his motor vehicle in the opposite direction of traffic as designated by law;

    f. failed to exercise due care in the operation of his motor vehicle;

    g. was otherwise careless and negligent in the operation of his motor vehicle.

20. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, SUNDAY THURMAN, Jr., Plaintiff then and there sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will, in the future, continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, CHRISTINE A. GUERRA, seeks judgment in her favor and against Defendant, SUNDAY THURMAN, Jr., in an amount in excess of seventy-five thousand

dollars ($75,000.00), exclusive of interests and costs, and for such additional amounts as the Court shall deem proper, and additionally, costs of said suit.

## COUNT II – NEGLIGENCE
### Against NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc.

NOW COMES, Plaintiff, CHRSTINE A. GUERRA, by and through her attorneys O'CONNOR LAW FIRM, LTD., and complaining of Defendant, NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc., alleges as follows:

Plaintiff, CHRISTINE A. GUERRA, hereby repeats and re-alleges the factual allegations contained in Paragraphs 1 through 15 of her Complaint at Law as Paragraphs 1 through 15 of this Count II as though fully set forth herein.

21. That on September 29, 2014, and at all relevant times, Defendant, SUNDAY THURMAN, Inc., was operating the 2007 Fleet tractor-trailer combination as agent, servant and/or employee of Defendant, NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc.

22. On September 29, 2014, at the time and place as aforesaid, Defendant, NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc., Individually and through their agent, servant and/or employee, SUNDAY THURMAN, Jr., then and there violated the duty of care owed to Plaintiff, CHRISTINE A. GUERRA, through one or more of the following negligent acts or omissions:

    a.    carelessly and/or negligently operated their motor vehicle without keeping a proper and sufficient lookout for other motorists on the roadway;

    b.    Carelessly and/or negligently failed to stop or steer their vehicle to avoid striking Plaintiff, CHRISTINE A. GUERRA, although Defendant saw, or should have seen Plaintiff, and had ample time and opportunity to avoid striking her;

    c.    Failed to decrease speed so as to avoid colliding with motorists lawfully traveling on the roadway, including Plaintiff, in violation of 625 ILCS 5/11-601;

d. Carelessly and/or negligently failed to sound their horn or other warning device when it was reasonably necessary to ensure safe operation of his vehicle in violation of 625 ILCS 5/12-601;

e. Carelessly and/or negligently reversed their motor vehicle in the opposite direction of traffic as designated by law;

f. failed to provide adequate safety training for personnel charged with operation of the tractor-trailer combinations owned by Defendants;

g. failed to provide adequate supervision for personnel charged with the operation of the tractor-trailer combinations owned by Defendants;

h. failed to exercise due care in the operation of their motor vehicle;

i. was otherwise careless and negligent in the operation of their motor vehicle.

23. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, NATIONWIDE TRUCK BROKERS, Inc., d/b/a N.T.B., Inc., Individually and by and through their agent, servant and/or employee, SUNDAY THURMAN, Jr., Plaintiff, CHRISTINE A. GUERRA, then and there sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will, in the future, continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, CHRISTINE A. GUERRA, seeks judgment in her favor and against Defendant, SUNDAY THURMAN, Jr., in an amount in excess of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and for such additional amounts as the Court shall deem proper, and additionally, costs of said suit.

Respectfully Submitted,

O'CONNOR LAW FIRM, LTD.

_____
Kevin W. O'Connor

O'CONNOR LAW FIRM, LTD. (#6216627)
Attorneys for Plaintiff
19 S. LaSalle St., Ste. 1400
Chicago, Illinois 60603
P: (312) 906-7609
F: (312) 906-7615
Firm@KOConnorlaw.com